RECEIVED

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

2013 NOV 21  P 12: 43

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DIST ALA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROSS-CLAYTON FUNERAL HOME, INC., an Alabama corporation,<br><br>DAVID C. ROSS, JR., individually and as an officer of Ross-Clayton Funeral Home, Inc., and<br><br>ELEANOR LEWIS DAWKINS, individually and as an officer of Ross-Clayton Funeral Home, Inc.<br><br>Defendants | Civil Action No. 2:13-cv-851-mHT |

## COMPLAINT FOR CIVIL PENALTIES
## AND INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), by its undersigned attorneys, for its Complaint alleges:

1.     The Commission brings this action under Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a), to obtain monetary civil penalties, a permanent injunction, and other equitable relief for Defendants' violations of the Commission's Trade Regulation Rule Concerning Funeral Industry Practices ("Rule" or "Funeral Rule"), 16 C.F.R. Part 453.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345,

and 1355 and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 56(a).  This action arises under 15

U.S.C. § 45(a)(1).

3.      Venue is proper in this district under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b-c) and

1395(a).

## PLAINTIFF

4.      The Commission has the authority to bring this action under 15 U.S.C. §§ 53(b)

and 56(a)(1)(B) and (a)(2)(a).  The Commission is an independent agency of the United States

Government given statutory authority and responsibility by the FTC Act, as amended, 15 U.S.C.

§§ 41-58. The Commission is charged, *inter alia*, with enforcing Section 5 of the FTC Act, 15

U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

The Commission also is authorized by 15 U.S.C. § 57a(a)(1)(B) to issue trade regulation rules

that "define with specificity acts or practices which are unfair or deceptive acts or practices in or

affecting commerce (within the meaning of section 45(a)(1))," and may obtain civil penalties for

rule violations pursuant to 15 U.S.C. § 45(m)(1)(A).

## DEFENDANTS

5.      Defendant Ross-Clayton Funeral Home, Inc. ("Ross-Clayton") is an Alabama corporation

with its principal place of business at 1412 Adams Avenue, Montgomery, AL 36104.  Defendant

Ross-Clayton transacts or has transacted business in this district.  At times material to this

Complaint, acting alone or in conjunction with others, Ross-Clayton has sold or offered for sale

funeral goods and funeral services.

6.      Defendant David C. Ross, Jr. is the president, chief executive officer, and an owner of Defendant Ross-Clayton. At times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendant Ross-Clayton, including the acts and practices set forth in this Complaint. Defendant David C. Ross, Jr. resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district.

7.      Defendant Eleanor Lewis Dawkins is the secretary, treasurer, and an owner of Defendant Ross-Clayton. At times material to this Complaint, acting alone or in concert with others, she has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendant Ross-Clayton, including the acts and practices set forth in this Complaint. Defendant Eleanor Lewis Dawkins resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district.

## THE FUNERAL RULE

8.      The Funeral Rule, promulgated by the Commission under Section 18 of the FTC Act, 15 U.S.C. § 57a, became effective in its entirety on April 30, 1984, and since that date has remained in full force and effect. Amendments to the Funeral Rule were promulgated by the Commission under Section 18 of the FTC Act, 15 U.S.C. § 57a, and became effective on July 19, 1994. The Funeral Rule is codified at 16 C.F.R. Part 453.

9.      Since it took effect, the Rule has prohibited, *inter alia*, funeral providers from failing to show a printed or typewritten price list to persons who inquire in person about the offerings or prices of caskets or alternative containers. The Rule requires that the list be offered upon beginning discussion of, but in any event before showing caskets. 16 C.F.R. § 453.2(b)(2).

3

10.     This core prohibition was made part of the Rule to ensure that "[c]onsumers have access to sufficient information to permit them to make informed decisions about which goods and services they wish to purchase." FTC FUNERAL RULE, STATEMENT OF BASIS AND PURPOSE, 47 Fed. Reg. 42260 (Sept. 24, 1982).

## DEFENDANTS' BUSINESS PRACTICES

11     Defendants are "funeral providers" as that term is defined in Section 453.1(i) of the Rule, 16 C.F.R. § 453.1(i), and sell or offer to sell "funeral goods" and "funeral services," as those terms are defined in Sections 453.1(h) and 453.1(j) of the Rule, 16 C.F.R. §§ 453.1(h) and 453.1(j).

12.     Defendants have discussed the offerings or prices of caskets or alternative containers with people who inquired in person about Defendants' offerings or prices of caskets or alternative containers, without showing them a printed or typewritten casket price list at the beginning of discussions of caskets or before showing caskets to those persons.

## VIOLATIONS OF THE FUNERAL RULE

13.     In at least two separate incidents, in connection with selling or offering to sell funeral goods and funeral services, Defendants violated the Funeral Rule by failing to show a person who inquired in person about the offerings or prices of caskets or alternative containers a printed or typewritten casket price list, upon beginning discussion of, but in any event before showing the caskets, in violation of 16 C.F.R. § 453.2(b)(2).

4

## CIVIL PENALTIES AND INJUNCTION

14.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), authorizes the Court to award monetary civil penalties of not more than $16,000 for each such violation of the Funeral Rule. *See also* 16 C.F.R. § 1.98.

15.     Defendants have violated the Funeral Rule as described above with knowledge as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

16.     Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Funeral Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

17.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), provides that "unfair or deceptive acts or practices in or affecting commerce are hereby declared unlawful."

18.     Defendants sell and offer to sell funeral goods and funeral services in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

19.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction enjoining Defendants from violating the FTC Act.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court, pursuant to 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), and 53(b), and pursuant to its own equitable powers:

(1)     Enter judgment against Defendants and in favor of Plaintiff for the violations of the Funeral Rule and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), alleged in this Complaint;

(2)     Award Plaintiff monetary civil penalties from Defendants for the violations of the Funeral Rule alleged in this Complaint;

(3)   Enjoin Defendants from violating the Funeral Rule and Section 5 of the FTC Act,

15 U.S.C. § 45; and

(4)   Award Plaintiff such additional relief as the Court may deem just and proper.

Dated: Washington, D.C.
November 21, 2013

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

P. Connell McNulty
(Pa. Attorney No.: 87966)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Office:  202-326-2061
Facsimile:  202-326-3395

Attorneys for Plaintiff
Federal Trade Commission

6