IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FEDERAL TRADE COMMISSION,     )
                              )
    Plaintiff,                )
                              )    CIVIL ACTION NO.
    v.                        )     2:13cv851-MHT
                              )         (WO)
ROSS-CLAYTON FUNERAL HOME,    )
INC., an Alabama              )
corporation, et al.,          )
                              )
    Defendants.               )
```

OPINION AND ORDER

This cause is before the court on the Federal Trade Commission's motion to strike third-party counterclaims. For the reasons below, the motion will be granted.

Under Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-

party complaint more than 14 days after serving its original answer."

The defendants filed their oddly named "first amended counterclaim"[1] (doc. no. 31), which the court construes as a third-party complaint against non-parties, on June 23, 2015.  This was well over 14 days after service of their original answer on May 12, 2015.  The defendants concede that they were required to but failed to seek leave to court before filing their third-party complaint.

Moreover, the July 31, 2015 deadline in the Uniform Scheduling Order (doc. no. 27) for filing motions to amend the pleadings has passed without defendants moving to amend the pleadings to add a counterclaim.[2]  Defendants concede that the counterclaim was untimely.

---

    1. No counterclaim had been filed prior to this document.

    2. In their response, the defendants point out that they had an agreement with the plaintiff to extend the

2

Defendants argue that the court has jurisdiction over the third-party defendants because they filed the motion to strike, and thereby submitted to the jurisdiction of the court.  However, the motion to strike was filed by the "United States", not by the individual third-party defendants.  <u>See</u> Motion to Strike (doc. no. 41) at 1; <u>id</u>. at 3 ("This motion does not constitute a personal appearance by any of the individual-capacity defendants.").

In their response, the defendants make an alternative request that the court direct the clerk to docket their counterclaim as a new complaint, under a new case number.  As the defendants have not shown any reason justifying this request, and have not properly presented it to the court, the court will deny it.

* * *

---

deadline for discovery, but do not claim that they had
an agreement to extend the deadline for moving to add
parties or claims.  The agreement to extend discovery
is irrelevant.

3

Accordingly, it is ORDERED as follows:

(1) The plaintiff's motion to strike third-party counterclaims (doc. no. 41) is granted.

(2) All claims against purported third-party defendants Tonia C. Jackson, Cindy A. Liebes, Michael Liggins, Edith Ramirez, and Jessica L. Rich are stricken from the "first amended counterclaim" (doc. no. 31), and said defendants are terminated as parties to this action.

(3) The defendants' request (doc. no. 44) that the court direct the clerk to open a new case and file the first amended counterclaim as a complaint under the new case action number is denied.

DONE, this the 16th day of October, 2015.

                               _/s/ Myron H. Thompson_
                               UNITED STATES DISTRICT JUDGE