IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:13cv851-MHT |
| | ) | (WO) |
| ROSS-CLAYTON FUNERAL | ) | |
| HOME, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court are two motions to compel, or in the alternative, motions to dismiss (docs. # 48 & 49) filed by the defendants on September 29, 2015.  In their first motion to compel (doc. # 48),  the defendants seek to compel the plaintiff to put up for deposition a FED.R.CIV.P. (30)(b)(6) representative as well as Jessica Rich, Edith Ramirez, Cindy Liebes, Tonia Jackson and Michael Liggins.  In their second motion to compel (doc. # 49), the defendants seek to compel the plaintiff to respond to interrogatories or requests for production related in large part to the FTC's Federal Rules Offenders Program ("FROP").

The court heard oral argument on the motions on December 8, 2015.  Prior to oral argument, the parties informed the court that they had resolved many of the issues, but there remained disputes regarding the depositions of FED.R.CIV.P. 30(b)(6) representatives as well as the depositions of Edith Ramierez, Cindy Liebes, Tonia Jackson and Michael Liggins. *See* Doc. # 68.  During oral arguments, the plaintiff agreed to make available for depositions Tonia C. Jackson, Michael Liggins and, after the defendants narrowed areas of inquiry,

appropriate representatives pursuant to FED.R.CIV.P. 30(b)(6). Consequently, the motion to compel these depositions will be denied as moot. With respect to compelling the depositions of Chairwoman Edith Ramierz and Regional Director Cindy Liebes, the motion to compel their depositions will be denied.

The parties also resolved many of the disputes regarding the interrogatories and requests for production but there remained in dispute Interrogatories # 8, 11, 12, 15, 16, 20, 22 and 23 as well as Requests for Production # 3, 6, 13 and 21. *Id*.

In Interrogatories # 11, 12, and 23, and Request for Production # 3 and 6, the defendants seek discovery related to FTC's Federal Rule Offenders Program. It is undisputed that the defendants declined to participate in the FROP program. Consequently, at this juncture, information about this program is not relevant. The motion to compel with respect to these interrogatories and requests for production will be denied.

In Interrogatories # 15 and 16, and Request for Production # 13, the defendants seek information related to "minor compliance deficiencies." At oral argument, the parties informed the court that the defendants modified their requests, and the plaintiff agreed to respond to the requests as modified. Thus, the motion to compel with respect to these requests is now moot given the parties' agreement.

In Interrogatory # 22, the defendants sought yearly reports submitted by the F.T.C. to Congress. At oral argument, the defendants orally modified their request and the plaintiff agreed to respond to the modified request. Consequently, the motion to compel with respect

to Interrogatory # 22 will be denied as moot, given the parties' agreement.

Finally, with respect to Interrogatory # 8 and Request for Production # 21, the plaintiff asserted that it had produced all documents except any documents protected by the attorney-client privilege or the work product doctrine. Thus, the motion to compel with respect to these requests will be denied. However, the plaintiff conceded that it had not provided to the defendants a privilege log as required by FED.R.CIV.P. 26(b)(5)(A). Accordingly, the plaintiff shall be directed to provide to the defendants a privilege log consistent with FED.R.CIV.P. 26(b)(5)(A).

Accordingly, upon consideration of the motions, and as stated in open court, it is

ORDERED as follows:

1. That the motion to compel depositions (doc. # 48) be and is hereby DENIED to the extent that the defendants seek to depose Chairwoman Edith Ramierz and Regional Director Cindy Liebes. In all other respects, the motion to compel be and is hereby DENIED as moot.

2. That, with respect to Interrogatories # 11, 12, 23, and Request for Production # 36, the motion to compel (doc. # 49) be and is hereby DENIED. With respect to the remaining interrogatories and requests for production, the motion to compel be and is hereby DENIED as moot.

3. That with respect to Interrogatory # 8 and Request for Production # 21, the motion to compel be and is hereby DENIED. However, the plaintiff is DIRECTED to serve

on the defendants no later than December 23, 2015, a privilege log that comports with FED.R.CIV.P. 26(b)(5)(A). The defendants shall have until January 13, 2016, to assess and challenge any claims of privilege.

Done this 9th day of December, 2015.

                                          /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE