**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

FEDERAL TRADE COMMISSION,

       Plaintiff,

v.                                                                      Case No. 2:13-cv-851-RBD-CSC

ROSS-CLAYTON FUNERAL HOME,
INC.; DAVID C. ROSS, JR.; and
ELEANOR LEWIS DAWKINS,

       Defendants.

---

# ORDER, CONSENT DECREE, MONETARYJUDGMENT, & INJUNCTION

Plaintiff Federal Trade Commission ("**FTC**"), filed its Complaint for Civil Penalties and Injunctive and Other Equitable Relief ("**Complaint**"), seeking a permanent injunction, civil penalties, and other relief in this matter, pursuant to Sections 13(b), 16(a)(1), and 19 of the Federal Trade Commission Act ("**FTC Act**"), 15 U.S.C. §§ 53(b), 56(a)(1), and 57b. On June 21, 2016, FTC and Defendant Ross-Clayton Funeral Home, Inc. filed a Joint Motion for Approval of Consent Decree (Doc. 101), which was based on their agreement to resolve their disputes in this action by entry of a proposed consent decree (*see* Doc. 101-1).

As set forth below, **IT IS ORDERED** that the Joint Motion for Approval of Consent Decree (Doc. 101) is **GRANTED**. Consequently, the Court enters this Order, Consent Decree, Monetary Judgment, & Injunction (hereinafter, "**Decree**").

## DEFINITIONS

For the purpose of this Decree, the following definitions apply:

1.  "**Ross-Clayton**" means Ross-Clayton Funeral Home, Inc. and its successors and assigns.

2.  "**Clearly and conspicuously**" means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the ways set forth below in subparagraphs (a) through (h).

   a)   With any visual communication, such as a price list, the disclosure must be made through the same means by which the communication is presented. In any communication made through both visual and audible means, such as the presentation of a price list through an audio-visual medium, the disclosure must be presented simultaneously in both the visual and audible portions of the communication.

   b)   A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

   c)   An audible disclosure must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

   d)   In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

   e)   The disclosure must appear in each language in which the representation that requires the disclosure appears.

   f)   The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices.

   g)   The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

h)      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

3.      "**Funeral goods**" means  the goods which are sold or offered for sale directly to the public for use in connection with funeral services, as defined in 16 C.F.R. § 453.1(h).

4.      "**Funeral Rule**" or "**Rule**" means the Trade Regulation Rule Concerning Funeral Industry Practices issued by the FTC, 16 C.F.R. Part 453. Copies of the Funeral Rule and the FTC publication "Complying with the Funeral Rule" are attached to this Decree as Exhibits A and B, respectively.

5.      "**Funeral services**" means any services which may be used to: (1) care for and prepare deceased human bodies for burial, cremation or other final disposition; and (2) arrange, supervise or conduct the funeral ceremony or the final disposition of deceased human bodies, as defined in 16 C.F.R. § 453.1(j).

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Ross-Clayton participated in unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Funeral Rule.

3.      Ross-Clayton neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Decree. Only for purposes of this action, Ross-Clayton admits the facts necessary to establish jurisdiction.

4.      Ross-Clayton waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Decree, and agrees to bear its own costs and attorney fees.

5.      Ross-Clayton waives and releases any other claims that it may have against the FTC or its agents that relate to this action, including those asserted in its First Amended Counterclaim.

6.      FTC and Ross-Clayton waive all rights to appeal or otherwise challenge or contest the validity of this Decree.

# DECREE

I.   **MONETARY JUDGMENT FOR CIVIL PENALTY**

**IT IS ORDERED AND ADJUDGED** that:

**A.**    Judgment in the amount of Sixteen Thousand Dollars (**$16,000.00**) is entered in favor of the FTC and against Ross-Clayton as a civil penalty.

**B.**    Ross-Clayton is ordered to pay to the FTC Sixteen Thousand Dollars (**$16,000.00**) which, as Ross-Clayton stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the FTC. Such payment must be made within seven (7) calendar days of entry of this Decree by electronic fund transfer in accordance with instructions provided by a representative of the FTC.

**C.**    Ross-Clayton relinquishes dominion and all legal and equitable right, title, and interest in all funds transferred pursuant to this Decree and may not seek the return of any such funds.

**D.**    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Decree.

**E.**    Ross-Clayton acknowledges that its Taxpayer Identification Number, which it must submit to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Decree, in accordance with 31 U.S.C. § 7701.

## II.   __INJUNCTION__

**IT IS FURTHER IS ORDERED AND ADJUDGED** that Ross-Clayton, Ross-Clayton's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Decree, whether acting directly or indirectly, in connection with selling or offering to sell funeral goods or funeral services to the public, are restrained and enjoined from violating, directly or through any corporation, subsidiary, division, or other device, any provision of the Funeral Rule, including the Rule's prohibitions against:

A.   Failing to show consumers who inquire in person about the offerings or prices of caskets or alternative containers a printed or typewritten casket price list upon beginning discussion of, but in any event before showing, any caskets, alternative containers, or models or pictures of such items;

B.   Failing to give consumers who inquire in person about offerings or prices of funeral goods or funeral services a printed or typewritten general price list that they can keep upon beginning discussion of the overall type of funeral service or disposition, specific funeral goods or services offered, or the prices of such funeral goods or services;

C.   Failing to include the following disclosure clearly and conspicuously on Ross-Clayton's general price list, immediately above the prices:

"The goods and services shown below are those we can provide to our customers. You may choose only the items you desire. If legal or other requirements mean you must buy any items you did not specifically ask for, we will explain the reason in writing on the statement we provide describing the funeral goods and services you selected."

*Provided however*, that if the basic service fee cannot be declined by the purchaser, the disclosure must include the sentence: "However, any funeral arrangements you select will include a charge for our basic services." This sentence must appear between the second and third sentences of the disclosure above. Provided further, that this sentence may include the phrase "and overhead" after the word "services" if the fee includes a charge for the recovery of unallocated funeral provider overhead;

D.    Failing to show consumers, who inquire in person about offerings or prices of outer burial containers, a printed or typewritten outer burial container price list upon beginning discussion of, but in any event before showing, any outer burial containers, vaults, grave liners, or models or pictures of such items;

E.    Failing to tell any person who asks by telephone about Ross-Clayton's offerings or prices any accurate information from Ross-Clayton's price lists and other readily available information that reasonably answers the person's question;

F.    Failing to give for retention to each person who arranges a funeral or other disposition of human remains an itemized written statement of all funeral goods and services selected by that person and the prices to be paid for each good or service;

G.    Requiring the purchase of any funeral good or funeral service as a condition of furnishing any other funeral good or funeral service, or refusing to provide funeral services to a person seeking to arrange a funeral who wants to use third-party funeral goods, except as required by law or as otherwise permitted by the Funeral Rule;

H.    Requiring payment of any fee as a condition to furnishing any funeral good or service to a person arranging a funeral, other than fees for: (1) Services of funeral director and staff (the "basic services fee");

(2) other funeral services and funeral goods selected by the purchaser; and (3) other funeral goods or services necessitated by any legal, cemetery, or crematory requirements described in writing on Ross-Clayton's statement of funeral goods and services a customer has selected; or

**I.**  Any other provision of the Funeral Rule; *provided however*, that pursuant to 16 C.F.R. § 453.4(b)(2)(ii), Ross-Clayton is not required to comply with a request for a combination of funeral goods or services that would be impossible, impractical, or excessively burdensome to provide.

## III.  DECREE ACKNOWLEDGEMENTS

**IT IS FURTHER ORDERED** that Ross-Clayton obtain acknowledgments of receipt of this Decree as follows:

**A.**  Within seven (7) calendar days of entry of this Decree, Ross-Clayton must submit to the FTC an acknowledgment of receipt of this Decree sworn under penalty of perjury.

**B.**  For three (3) years after entry of this Decree, Ross-Clayton must deliver a copy of this Decree to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who have contact with consumers who are seeking to arrange a funeral; and (3) any business entity resulting from any change in structure as set forth below in the Section IV of the Decree titled "COMPLIANCE REPORTING". Delivery must occur within seven (7) calendar days of entry of this Decree for current personnel. For all others, delivery must occur before they assume their responsibilities.

**C.**  From each individual or entity to which Ross-Clayton delivers a copy of this Decree, Ross-Clayton must obtain, within thirty (30) calendar days, a signed and dated acknowledgment.

IV.    **COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that Ross-Clayton shall make timely submissions to the FTC, as follows:

A.    One year after entry of this Decree, Ross-Clayton must submit a compliance report ("**Report**"), sworn under penalty of perjury. In the Report, Ross-Clayton must: (1) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate; (2) identify all of Ross-Clayton's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (3) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (4) describe in detail whether and how Ross-Clayton is in compliance with each section of this Decree; and (5) provide a copy of each Decree Acknowledgment obtained pursuant to this Decree, unless previously submitted to the FTC.

B.    For three (3) years after entry of this Decree, Ross-Clayton must submit a compliance notice ("**Notice**"), sworn under penalty of perjury, within fourteen (14) calendar days of any change in: (1) any designated point of contact; or (2) the structure of Ross-Clayton or the structure of any entity that Ross-Clayton has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Decree. A change in structure includes, but is not limited to: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Decree.

C.    Ross-Clayton must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by

or against Ross-Clayton within fourteen (14) calendar days of its filing.

**D.** Any submission to the FTC required by this Decree to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

**E.** Unless otherwise directed by a representative of the FTC in writing, all submissions to the FTC pursuant to this Decree: (1) must provide a subject line that begins: "FTC v. Ross-Clayton Funeral Home, Inc., No. X140007"; and (2) must either be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

>Associate Director for Enforcement Bureau of Consumer Protection, Federal Trade Commission
>600 Pennsylvania Avenue NW
>Washington, DC 20580

## V.  **RECORDKEEPING**

**IT IS FURTHER ORDERED** that Ross-Clayton must create certain records for three (3) years after entry of this Decree and must retain each such created record for five (5) years. Specifically, Ross-Clayton, for any business that has sold or offered to sell funeral goods or funeral services, must create and retain the following records:

**A.** accounting records showing the revenues from all goods or services sold;

**B.** personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name,

addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

**C.** customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of funeral goods and funeral services purchased;

**D.** complaints and refund requests concerning the sale or offer of funeral goods or funeral services, whether received directly or indirectly, such as through a third party, and any response;

**E.** all records necessary to demonstrate full compliance with each provision of this Decree, including all submissions to the FTC; and

**F.** a copy of each price list, contract, advertisement, and other marketing material for the sale or offer of funeral goods or funeral services.

## VI.   <u>COMPLIANCE MONITORING</u>

**IT IS FURTHER ORDERED**, for the purpose of monitoring Ross-Clayton's compliance with this Decree, including any failure to transfer any funds as required by this Decree, that:

**A.** Within fourteen (14) calendar days of receipt of a written request from a representative of the FTC, Ross-Clayton must: (1) submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; (2) appear for depositions; and (3) produce documents for inspection and copying.

**B.** Ross-Clayton must permit representatives of the FTC to interview any employee or other person affiliated with Ross-Clayton who has agreed to such an interview. The person interviewed may have counsel present.

**C.**     For matters concerning this Decree, the FTC may communicate directly with Ross-Clayton.

**D.**     The FTC also may obtain discovery, without further leave of Court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

**E.**     The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Ross-Clayton or any individual or entity affiliated with Ross-Clayton, without the necessity of identification or prior notice. Nothing in this Decree limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Decree.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 22, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

U.S. Magistrate Judge